**Case No. 22-4074**

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**UNITED STATES OF AMERICA,**

**Plaintiff/Appellant,**

**v.**

**JONATHAN ALEXANDER MORALES-LOPEZ,**

**Defendant/Appellee.**

On Appeal from the United States District Court
For the District of Utah
The Honorable Jill N. Parrish, District Judge
District Court Case No. 2:20-cr-00027-JNP-1

**REPLY BRIEF FOR PLAINTIFF-APPELLANT**

TRINA A. HIGGINS
United States Attorney
District of Utah

NATHAN H. JACK
Assistant United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone (801) 524-5682
nathan.jack@usdoj.gov

Attorneys for Plaintiff/Appellee

**ORAL ARGUMENT IS REQUESTED**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. ii

ARGUMENT...................................................................................................1

    I.    The district court erred in considering Morales's facial vagueness challenge. ...............................................2

        A. *Johnson* did not disrupt the as-applied rule. ............4

        B. The as-applied rule promotes separation of powers. ...................................................................8

    II.    Section 922(g)(3) is not facially vague...........................16

    III.    Section 922(g)(3) is constitutional as applied to Morales's regular drug use. .............................................21

CONCLUSION................................................................................................25

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

CASES                                                                    PAGE(S)

*303 Creative LLC v. Elenis*, 6 F.4th 1160 (10th Cir. 2021) .................. 3, 6

*Blodgett v. Holden*, 275 U.S. 142 (1927) ................................................. 10

*Bowling v. McDonough*, 38 F.4th 1051 (Fed. Cir. 2022) ................... 3, 5-6

*Broadrick v. Oklahoma*, 413 U.S. 601 (1973) .................................... 13-15

*Dias v. City & Cnty. of Denver*, 567 F.3d 1169 (10th Cir. 2009) ............ 11

*Dr. John's, Inc. v. City of Roy*, 465 F.3d 1150 (10th Cir. 2006) ......... 18-19

*Expressions Hair Design v. Schneiderman*, 581 U.S. 37 (2017) ............ 5-6

*F.C.C. v. Pacifica Found.*, 438 U.S. 726 (1978) ..................................... 14

*Grayned v. City of Rockford*, 408 U.S. 104 (1972) ............................. 18-19

*Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010) ......................... 3

*Johnson v. United States*, 576 U.S. 591 (2015)..................................... 3-4

*Kashem v. Barr*, 941 F.3d 358 (9th Cir. 2019)...................................... 7-8

*Lanzetta v. State of New Jersey,* 306 U.S. 451 (1939)....................... 11, 20

*M.S. News Co. v. Casado*, 721 F.2d 1281 (10th Cir. 1983)..................... 14

*New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) ............................................................................................ 13

*Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972) .......... 11, 19-20

*Smith v. Goguen*, 415 U.S. 566 (1974) ................................................... 11

*United States v. Bramer*, 832 F.3d 908 (8th Cir. 2016) ............................ 7

*United States v. Cook*, 970 F.3d 866 (7th Cir. 2020) ............. 11-12, 16, 19

*United States v. Edwards*, 540 F.3d 1156 (10th Cir. 2008)............... 23-24

*United States v. Farhane*, 634 F.3d 127 (2d Cir. 2011) ............................ 9

*United States v. Hasson*, 26 F.4th 610 (4th Cir. 2022) .......................... 6-9

*United States v. L. Cohen Grocery Co.* 255 U.S. 81, 89 (1921) .............. 19

*United States v. Miller*, 868 F.3d 1182 (10th Cir. 2017) ..................... 5, 9

*United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29 (1963) ...... 9-11, 20

*United States v. Ocegueda*, 564 F.2d 1363 (9th Cir. 1977) ..................... 11

*United States v. Raines*, 362 U.S. 17 (1960) .................................... 10, 20

*United States v. Reed*, 114 F.3d 1067 (10th Cir. 1997) .......................... 15

*United States v. Salerno*, 481 U.S. 739 (1987) ....................................... 12

*United States v. Sanders*, 43 F. App'x 249 (10th Cir. 2002) ................... 23

*United States v. Williams*, 553 U.S. 285 (2008) ............................. 8, 16-17

STATUTES

18 U.S.C. § 922(g)(3) ............................................... 1-3, 7, 12, 16-21, 23-25

OTHER AUTHORITIES

*Carnes v. United States*, Supreme Court Dkt. No. 22-76,
    2022 WL 4485280 ............................................................................ 17

## STATEMENT OF PRIOR AND RELATED APPEALS

None.

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff/Appellant, | No. 22-4074 |
| vs. | REPLY BRIEF FOR PLAINTIFF-APPELLANT |
| JONATHAN ALEXANDER MORALES-LOPEZ, | |
| Defendant/Appellee. | |

## ARGUMENT

The district court erroneously held that 18 U.S.C. § 922(g)(3)'s prohibition on firearm possession by unlawful users of controlled substances is unconstitutionally vague. Since Morales's conduct fell squarely within the behavior § 922(g)(3) proscribes—he had a pattern of drug use, he used controlled substances weeks before possessing a firearm, and on the day he possessed a firearm he had 28 personal-use doses of methamphetamine on him, along with a pipe containing methamphetamine residue in the center console and 22 grams of methamphetamine in the driver's door of the car he and his codefendant

used—the court should not have considered Morales's facial challenge, and should have rejected his as-applied challenge.

In defending the district court's ruling, Morales makes many of the same mistakes the court did. He conflates two distinct prerequisites of a facial challenge: the as-applied rule and the all-applications rule. He prioritizes an imagined separation of powers problem over the actual separation of powers problem of voiding a statute based on hypothetical controversies not before the court. He argues that § 922(g)(3) is facially vague by focusing on the question of degree instead of what facial vagueness requires: indeterminacy of an incriminating fact. And his arguments supporting his as-applied challenge fail to grapple with the evidence, amounting to a repackaged facial challenge.

This Court should reverse the district court's order vacating Morales's § 922(g)(3) conviction.

## I.    The district court erred in considering Morales's facial vagueness challenge.

Morales conflates two distinct rules that define the propriety of a facial vagueness challenge: *who* may bring a challenge, and *what* they must prove. On the first, "a plaintiff who engages in some conduct that

is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010). This as-applied rule describes the *who*: "the standard for determining when a party may bring a vagueness challenge." *303 Creative LLC v. Elenis*, 6 F.4th 1160, 1190 (10th Cir. 2021), *cert. granted in part*, 142 S. Ct. 1106 (2022). Because § 922(g)(3) clearly proscribed Morales's conduct, *see* Point III, the court should not have considered his facial challenge.

On the second, as Morales notes, *Johnson v. United States* discussed whether a party must show that a statute is vague in all its applications. Aple. Br. at 7-8 (discussing *Johnson*, 576 U.S. 591 (2015)). This all-applications rule describes the *what*: "the standard for determining whether a statute is, as a matter of law, unconstitutionally vague." *303 Creative LLC*, 6 F.4th at 1190.

Morales argues that because *Johnson* weakened the all-applications rule (*what* the party must show), it somehow invalidated the as-applied rule (*who* may raise a facial challenge). But these rules are "distinct" and "independent." *Bowling v. McDonough*, 38 F.4th 1051, 1061 (Fed. Cir. 2022); *see also 303 Creative LLC*, 6 F.4th at 1190.

3

*Johnson* didn't—and couldn't—overrule the as-applied rule. What's more, not only do the vagueness doctrine's purposes of fair notice and non-arbitrary enforcement not apply to a defendant whose conduct falls within the statute, but separation of powers dictates the as-applied rule. It reinforces the court's limited role of considering the cases and controversies before it by preventing it from invalidating an act of Congress based on hypothetical applications.

## A. *Johnson* did not disrupt the as-applied rule.

Morales's argument that *Johnson* nullified the as-applied rule flies in the face of the universal weight of authority—from the Supreme Court, this Court, and other courts. Barring a few exceptions discussed below (including First Amendment rights), courts do not permit a defendant to raise a facial challenge when his conduct falls squarely within the statute.

*Johnson* didn't change that. Its unique context precluded the Supreme Court from considering an as-applied challenge. Because the Court there used the categorical approach to assess an "idealized ordinary case of the crime," it could not look to the defendant's conduct. *See Johnson*, 576 U.S. at 604. And without that, it could not assess

whether the statute clearly proscribed the defendant's conduct.  *See*

*Bowling*, 38 F.4th at 1061-62.  Whatever *Johnson* had to say about the

all-applications rule, it didn't touch the "distinct" and "independent" as-

applied rule.

Consider this Court's use of the as-applied rule post-*Johnson*.  It

has, for example, rejected a vagueness challenge to a sentencing

guideline because of its "sufficiently clear" application to the defendant.

*United States v. Miller*, 868 F.3d 1182, 1188-89 (10th Cir. 2017).  Even

assuming that the guideline in question "would otherwise be

unconstitutionally vague," because the defendant's conduct "was clearly

proscribed," "he cannot complain" that the guidelines are

unconstitutionally vague.  *Id*. at 1189.

Consider too the Supreme Court's own use of the as-applied rule

post-*Johnson*.  It reaffirmed in *Expressions Hair Design* that "a plaintiff

whose speech is clearly proscribed cannot raise a successful vagueness

claim." *Expressions Hair Design v. Schneiderman*, 581 U.S. 37, 48

(2017); Aplt. Br. at 20.

Morales argues that this Court should overlook *Expressions Hair*

*Design* because the defendant there was raising an as-applied

challenge, not a facial challenge. Aple. Br. at 14-15. But that isn't how this Court saw it. In *303 Creative LLC v. Elenis*, this Court rejected a party's attempt to rely on *Johnson* to bring its vagueness claim. It distinguished between the as-applied rule and the all-applications rule, finding that *Johnson* only discussed the latter. *303 Creative LLC*, 6 F.4th at 1190 ("[T]he Court [in *Johnson*] described the standard for determining whether a statute is, as a matter of law, unconstitutionally vague—not the standard for determining when a party may bring a vagueness challenge."). It then cited for support *Expressions Hair Design*, "a case decided after *Johnson*" that "reaffirmed" the as-applied rule. *Id.*

Other courts agree. The Fourth Circuit concluded that Morales's argument—that *Johnson* nullified the as-applied rule—"is foreclosed by *Expressions Hair Design*." *United States v. Hasson*, 26 F.4th 610, 619 (4th Cir. 2022). So did the Federal Circuit. *See Bowling*, 38 F.4th at 1062 ("[T]he Supreme Court relied on this principle in *Expressions Hair Design*, after *Johnson*.").

In case after case, courts distinguish between the all-applications rule, which *Johnson* discussed, and the as-applied rule, which *Johnson*

6

couldn't consider. *See, e.g., Hasson*, 26 F.4th at 619 ("*Johnson* and

*Dimaya*'s rejection of the vague-in-all-its-applications standard does not

undermine the rule prohibiting defendants whose conduct a statute

clearly proscribes from bringing vagueness challenges."); *Kashem v.

Barr*, 941 F.3d 358, 376 (9th Cir. 2019) ("[W]e conclude that *Johnson*

and *Dimaya* did not alter the general rule that a defendant whose

conduct is clearly prohibited cannot be the one to make a facial

vagueness challenge to a statute."); *United States v. Bramer*, 832 F.3d

908, 909 (8th Cir. 2016) ("Though Bramer need not prove that

§ 922(g)(3) is vague in all its applications, our case law still requires

him to show that the statute is vague as applied to his particular

conduct.").

Morales fails to identify any case that extends *Johnson* to the as-

applied rule. The decision below stands alone.

Even setting aside the universal rejection of Morales's argument

by courts across the country, his argument still falters. Morales

acknowledges *Johnson*'s "unusual mode of analysis involving

hypothetical evaluations of various types of offenses," only to assert in

the next paragraph that nothing "would have precluded an as-applied

7

consideration of the vagueness argument." Aple. Br. at 11. But it is precisely that "unusual mode of analysis" that precluded the Court from considering an as-applied challenge. The categorical approach inhibits the type of assessment required for an as-applied challenge. For that reason, *Johnson* is *sui generis*.

Because *Johnson* and company didn't touch the as-applied rule, the district court erred in relying on it to permit Morales to mount a facial challenge.

### B. The as-applied rule promotes separation of powers.

Morales's confusion over *Johnson*'s (lack of) impact on the as-applied rule stems from his faulty premise: he assumes that the all-applications rule forms the basis for the as-applied rule. Aple. Br. at 8. But the as-applied rule "rests on an independent foundation, apart from the vague-in-all-applications rule." *Kashem*, 941 F.3d at 375. Its foundation lies instead on "the vagueness doctrine itself," which requires a statute to be clear enough to provide fair notice and prevent arbitrary enforcement. *Hasson*, 26 F.4th at 618-19; *see also United States v. Williams*, 553 U.S. 285, 304 (2008). Since applying a statute to conduct it clearly proscribes doesn't implicate either concern, allowing a

facial challenge in such circumstances "would untether the vagueness doctrine from its moorings." *Hasson*, 26 F.4th at 619.

Begin with fair notice. To assess it, "a statute must of necessity be examined in the light of the conduct with which a defendant is charged." *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 33 (1963). As Morales himself concedes, "if a defendant's conduct is plainly within the clear scope of the statute, they can hardly be heard to complain that they were not on notice that their conduct might run afoul of the law, no matter how vague it might be in different circumstances." Aple. Br. at 17-18. So too for arbitrary enforcement. *See Miller*, 868 F.3d at 1189.

The bigger issue, Morales urges, is separation of powers. But that's an argument *for* the as-applied rule, not against it. *See United States v. Farhane*, 634 F.3d 127, 138 (2d Cir. 2011) (observing that the as-applied rule is "grounded in the separation of powers"). The as-applied rule protects the "limited nature of judicial power." *Hasson*, 26 F.4th at 619. A federal court "has no jurisdiction to pronounce any statute . . . void, because [it is] irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in

actual controversies." *United States v. Raines*, 362 U.S. 17, 21 (1960).

To allow a person to contend that a statute "might be unconstitutional"

to "other persons or other situations"—despite its clear application to

that person's conduct—would "formulate a rule of constitutional law

broader than is required by the precise facts to which it is to be

applied." *Id.* This would contradict the jurisdictional rules to which

courts must "rigidly adhere[]." *Id.*

Not to mention that it is a court's "plain duty," when faced with

one interpretation that would render a statute unconstitutional and

another that would preserve it, "to adopt that which will save the Act."

*Blodgett v. Holden*, 275 U.S. 142, 148 (1927) (Holmes, J.). Declaring an

act of Congress unconstitutional is "the gravest and most delicate duty

that this Court is called on to perform." *Id.* Doing so while passing over

an available limiting construction that covers the defendant's conduct

violates this jurisprudential maxim. Indeed, this was the Supreme

Court's primary concern in outlining the as-applied rule. *See Nat'l

Dairy Prods.*, 372 U.S. at 32-33.

There are, of course, exceptions. *Johnson* is one, and Morales

mentions others. None of this is new. This Court already recognizes

10

facial challenges "in two circumstances: (1) when a statute threatens to chill constitutionally protected conduct (particularly conduct protected by the First Amendment); or (2) when a plaintiff seeks pre-enforcement review of a statute because it is incapable of valid application." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1179-80 (10th Cir. 2009). The cases Morales cites fall into these categories.[1] *See United States v. Cook*, 970 F.3d 866, 873 (7th Cir. 2020) (listing exceptions). "The common thread" here is that "the challenged statute 'simply has no core' and lacks 'any ascertainable standard for inclusion and exclusion.'" *Id.* (quoting *Smith v. Goguen*, 415 U.S. 566, 578 (1974)).

Take *Papachristou v. City of Jacksonville*, which criminalized being a "vagrant," 405 U.S. 156 (1972), and *Lanzetta v. State of New Jersey*, which criminalized being a "gangster." 306 U.S. 451, 458 (1939).

---

[1] Also, many of the cases Morales cites were before the Supreme Court expressly limited facial challenges to First Amendment cases. *See Nat'l Dairy Prods.*, 372 U.S. at 36; *see also United States v. Ocegueda*, 564 F.2d 1363, 1366 (9th Cir. 1977) (rejecting defendant's reliance on a case deeming "unlawful user" to be unconstitutionally vague because it "was decided prior to the Supreme Court decisions limiting the scope of vagueness doctrine in non-First Amendment cases").

These ordinances lacked any identifiable standard; there was nothing to inform a person what it meant to be a "vagrant" or a "gangster." Without that, a court couldn't determine whether the statute clearly proscribed the defendant's behavior—the statute didn't clearly proscribe anything. But here, § 922(g)(3) has "a readily appreciable core of conduct." *Cook*, 970 F.3d at 874; *see also* Aplt. Br. at 25-28; Point II. Even Morales concedes that the statute "implies some sort of pattern of drug use." Aple. Br. at 5-6.

Morales's reliance on the Second Amendment also fails to gain him traction. Courts carve out an exception to the as-applied rule for the First Amendment, but the exception ends there. Aplt. Br. at 16. No other fundamental right is excepted—including, as Morales concedes, the Second Amendment. Aple. Br. at 39; *see also United States v. Salerno*, 481 U.S. 739, 745 (1987) ("[W]e have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment."). But Morales asks this Court to recognize one anyway. For support, he cites cases that, by his own admission, implicated First Amendment rights. Aple. Br. at 37-39. These do him no good; they already fall under the exception.

Morales also cites *New York State Rifle & Pistol Association v.*
*Bruen*, 142 S. Ct. 2111 (2022), which likewise fails to further his cause.
To begin with, Morales's argument is a new one. Although he raised a
Second Amendment claim below, he did so only to urge the court to
apply "some type of 'means-end scrutiny,'" Aplt. App. at 190—precisely
the test that *Bruen* overruled. *See Bruen*, 142 S. Ct. at 2127. He didn't
claim below, as he does now on appeal, that the Second Amendment
counts with the First Amendment as an exception to the as-applied
rule.

In any event, this argument is meritless. It doesn't matter
whether "Second Amendment rights are equally as important as First
Amendment rights." Aple. Br. at 41. Case after case cited in both the
United States' brief and in Morales's own brief recognize that First
Amendment rights are different in kind from other fundamental rights.
*See* Aplt. Br. at 16; Aple. Br. at 37-39, 43. The reason the as-applied
rule doesn't apply in the First Amendment context is the same reason
the Court has loosened "traditional rules of standing" to allow
overbreadth challenges: "the First Amendment needs breathing space."
*Broadrick v. Oklahoma*, 413 U.S. 601, 611 (1973). Litigants are allowed

to bring these challenges "not because their own rights of free expression are violated," but because "the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Id*. at 612. The potential chilling effect vague laws have on expressive conduct makes First Amendment concerns "unique." *M.S. News Co. v. Casado*, 721 F.2d 1281, 1290 n.15 (10th Cir. 1983).

Finally, Morales laments—as the district court did—that if a defendant must first satisfy the as-applied rule, then a facial challenge may never be brought. But that's a feature of our constitutional order, not a bug. Outside of the First Amendment, defendants aren't supposed to bring facial challenges. A facial challenge is not, like Morales seems to believe, an ordinary legal argument he should be free to wield at will like any other challenge to statutory language. *Cf*. Aple. Br. at 15-16. "Invalidating any rule on the basis of its hypothetical application to situations not before the Court is 'strong medicine' to be applied 'sparingly and only as a last resort.'" *F.C.C. v. Pacifica Found.*, 438 U.S. 726, 743 (1978) (quoting *Broadrick*, 413 U.S. at 613). Even if another individual has a due process right, "constitutional rights are

14

personal and may not be asserted vicariously." *Broadrick*, 413 U.S. at 610. The Constitution forbids propping up courts as "roving commissions assigned to pass judgment on the validity of the Nation's laws." *Id.* at 611.

Facial challenges undermine that constitutional decree. Although the vagueness doctrine protects important values, its application "is limited." *United States v. Reed*, 114 F.3d 1067, 1070 (10th Cir. 1997). Aside from the exceptions discussed above, "[a] vagueness challenge . . . cannot be aimed at the statute on its face but must be limited to the application of the statute to the particular conduct charged." *Id.*

In the end, Morales seeks to uphold the district court's disregard of the as-applied rule by:

- conflating the as-applied rule and the all-applications rule, despite this Court's and other courts' clear distinction between the two;

- inferring that the Supreme Court nullified the as-applied rule in *Johnson*, even though it did not (and could not) consider it;

- disregarding caselaw from the Supreme Court, this Court, and other courts reaffirming the as-applied rule after *Johnson*;

- ignoring the separation-of-powers problem that arises from declaring a statute unconstitutional even though the conduct at issue falls within its identifiable bounds; and

15

- asking courts to permit defendants to vicariously assert the due process rights of others.

At some point, that becomes a bridge too far. The as-applied rule remains good law after *Johnson*, and the district court erred in allowing Morales to bring a facial challenge.

## II. Section 922(g)(3) is not facially vague.

The district court also erred in assessing the merits of Morales's facial challenge. The standard for facial vagueness is whether the statute "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Williams*, 553 U.S. at 304. The key issue is "not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is." *Id*. at 306.

Section § 922(g)(3) has no such indeterminacy. "[T]here is no doubt as to the essence of what the statute forbids: the possession of a firearm by one who is engaged in the regular and ongoing use of a controlled substance other than as prescribed by a doctor." *Cook*, 970 F.3d at 877. Whether a court deems "unlawful user" to mean the

16

defendant "took drugs with regularity" or was "actively engaged in use" or that the drug use was "ongoing" or "consistent" is a distinction without a difference.[2]  *Cf.* Aple Br. at 30-34 (summarizing courts' interpretations).  Even Morales acknowledges that the statute requires showing that the defendant used drugs with some measure of frequency.  Aple. Br. at 5-6 (noting that the statute "implies some sort of pattern of drug use").

So the question the district court faced wasn't "what that fact is" the statute requires but instead "whether the incriminating fact . . . has been proved."  *See Williams*, 553 U.S. at 306.  This question not of *what* but *how much* distinguishes § 922(g)(3) from the "wholly subjective judgments" the void-for-vagueness doctrine is reserved for, like conduct being "annoying" or "indecent."  *See id*.  Assessing whether a defendant is an unlawful user of controlled substances is not an "unlawful

---

[2] Morales cites a brief from the United States in another case to claim that the Justice Department acknowledges that "courts of appeals do not consistently define "the term 'unlawful user.'"  Aple. Br. at 30 (quoting Brief in Opposition, *Carnes v. United States*, Supreme Court Dkt. No. 22-76, 2022 WL 4485280).  But he omits the sentence immediately following: "But the formulations, including the Eighth Circuit's, have been treated as 'synonymous.'"  BIO, *Carnes*, 22-76 at *9.

intrusion into the legislative function," *cf.* Aple. Br. at 28, but ordinary statutory interpretation. No statute can define its application in every possible circumstance.

Tellingly, Morales's issue with § 922(g)(3) lies not with the indeterminacy of an incriminating fact but the statute's supposed lack of specificity on the degree of drug use, specifically the frequency and temporal proximity. Aple. Br. at 28-36. But in this regard § 922(g)(3) is no different from the numerous other laws using broad language around a specific incriminating fact—laws that courts have approved. In *Dr. John's, Inc. v. City of Roy*, for instance, this Court found no issue with an ordinance that defined as a "sexually oriented business" a business with a "significant or substantial portion" of its stock devoted to adult media. 465 F.3d 1150, 1154, 1158 (10th Cir. 2006). Like "regular," "significant or substantial" doesn't define the degree with much specificity, and "there may be instances where" a business "would be unsure of whether" it fell under the ordinance. *Id.* at 1158. But that's not enough; "we can never expect mathematical certainty from our language." *Id.* at 1159 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). Because "it is clear what the ordinance as a whole

18

prohibits," the ordinance was not unconstitutionally vague—even though it might be "marked by flexibility and reasonable breadth, rather than meticulous specificity." *Id.* (quoting *Grayned*, 408 U.S. at 110).

Section 922(g)(3) fares the same. While the degree of a defendant's drug use—like the degree of stock devoted to adult media— may be uncertain at times, § 922(g)(3) outlines "a readily appreciable core of conduct." *Cook*, 970 F.3d at 877.

Contrast § 922(g)(3) to the type of statutes courts have deemed facially vague that Morales relies on. The statute at issue in *United States v. L. Cohen Grocery Co.* "made unlawful for any person willfully . . . to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries." 255 U.S. 81, 89 (1921). The Supreme Court found that this statute "forbids no specific or definite act," equivalent to a criminal statute that "penalized and punished all acts detrimental to the public interest when unjust and unreasonable in the estimation of the court and jury." *Id.* In *Papachristou*, the list of crimes in the vagrancy ordinance was "so all-in-clusive and generalized" that it gave law enforcement "unfettered discretion"—"the net cast is

large . . . to increase the arsenal of the police." 405 U.S. at 165-66.

Likewise in *Lanzetta*, the Supreme Court found that the ordinance

criminalizing being a "gangster" "condemns no act or omission," that its

terms "are so vague, indefinite and uncertain that it must be

condemned as repugnant to the due process clause of the Fourteenth

Amendment." 306 U.S. at 458.

It is this type of ambiguity over the incriminating fact—not

degree—that facial vagueness guards against. *See Nat'l Dairy Prods.*,

372 U.S. at 32 ("Statutes are not to be automatically invalidated as

vague simply because difficulty is found in determining whether certain

marginal offenses fall within the language."). Section 922(g)(3) at most

goes to the latter. And the various hypotheticals Morales poses testing

that degree ("If one ingests his cannabis edible on a Saturday, at what

point can he legally obtain a firearm?" Aple. Br. at 29) demonstrate

why courts generally do not consider facial challenges in the first place:

to avoid voiding a statute as unconstitutional based on legal rights that

weren't "in actual controvers[y]." *See Raines*, 362 U.S. at 21. The

district court overstepped its bounds in so ruling here.

### III.  Section 922(g)(3) is constitutional as applied to Morales's regular drug use.

Finally, Morales argues that the statute is unconstitutional as applied to his case.  But he only gets there by 1) ignoring the evidence against him, and 2) repackaging his facial challenge.

Morales emphasizes that there was evidence of only a single instance of drug use: he admitted to using methamphetamine and marijuana five weeks before the theft.  But that was not the only evidence of Morales's drug habit.  As Morales concedes, his interview with police "implies some familiarity with the use and purchase of drugs."  Aple. Br. at 49.

During that interview, Morales used language showing frequent drug use.  He "was buying" meth from a man named Jesus; "I would buy drugs from Jesus, when he had some, but when I wanted some."  Aplt. App. at 286-87.  Morales's description of his process for buying drugs also signified regular use: "I would see him on the street, or when I was walking down the street, there were always people that I knew that would see me or something, and they would ask me, 'Hey, you want some?' I would say, 'Yes.'"  *Id*. at 287.  He "would go" to a particular house to smoke meth "with everybody else."  *Id*. at 286.  And on the day

21

of the incident that the interview was about, he "had not slept for several days" because he "had been smoking meth," and he and Amaya smoked marijuana that day. *Id*. at 288.

On top of this description of habitual drug use, officers found 28 personal-use doses of methamphetamine where Morales was sitting in the patrol car, along with 22 grams of methamphetamine in the driver's door and a pipe containing methamphetamine residue in the center console of the car Morales and Amaya drove to the Sportsman Warehouse. Aplt. App. at 252-53, 466, 487-90, 516.

All of this would put an ordinary person on notice that Morales was an unlawful user, and that his possession of a firearm would be illegal.

Morales ignores this evidence, arguing under the mistaken impression that only specific instances of drug use are permissible to consider in an as-applied challenge. Forget Morales's description of his drug habit, he argues, as there was "only a single instance of actual use." Aple. Br. at 49. Forget the 28 personal-use doses found in the patrol car, he argues, since it only shows that he "intended" to smoke methamphetamine "at some point in the future." Aple. Br. at 50.

22

This Court has already rejected Morales's approach. *See United States v. Edwards*, 540 F.3d 1156, 1162 (10th Cir. 2008). The government need not introduce "specific, direct evidence pinpointing precise dates on which Defendant used drugs" so long as the jury could draw a reasonable inference from the evidence that Morales was an unlawful user of controlled substances. *Id.* And evidence of drug use after the firearm possession can contribute to a "sufficient temporal proximity." *United States v. Sanders*, 43 F. App'x 249, 256 (10th Cir. 2002) (considering evidence of drug use months following the firearm possession).

Morales doesn't attempt to distinguish this case from *Sanders*. *See* Aplt. Br. at 36-37 (discussing *Sanders*). There, this Court found that § 922(g)(3) was not unconstitutionally vague as applied to a defendant who has possessed drugs three months prior to the date in question, admitted to using drugs two weeks prior to the date, was discovered to possess drug paraphernalia on that date, and was a chronic drug user months after that date. *Sanders*, 43 F. App'x at 256. This case presents many similar facts. Morales described the drug habits he had before the date of his firearm possession, he admitted to

23

using drugs five weeks before that date, the car he shared with Amaya had drugs and drug paraphernalia on that date, and he possessed 28 personal-use doses of meth on that date.

At bottom, Morales's as-applied argument—like the district court's ruling, Aplt. Br. at 33 & n.4—is just a repackaged facial challenge. He again argues that the courts' interpretations of § 922(g)(3) "do not make the application of the statute any more apparent." Aple. Br. at 52. And he criticizes the United States for taking a "sufficiency" approach to as-applied challenge, meanwhile overlooking that this Court has done the very same. In *Edwards*, for instance, the Court rejected the defendant's challenge to the sufficiency of the evidence, then quickly rejected his as-applied challenge "[f]or similar reasons." *See Edwards*, 540 F.3d at 1161-62 ("Such a challenge will fail where the government has introduced sufficient evidence of a temporal nexus between the drug use and firearm possession.").

Given Morales's description of his drug habit in the weeks before the incident, the specific instances of his drug use weeks before the incident, and his possession of drugs for future use the day of the incident, a sufficient nexus tied Morales to the core of conduct

24

§ 922(g)(3) forbids: possessing a firearm while being an unlawful user of controlled substances.

## CONCLUSION

This Court should reverse the district court's judgment of acquittal on the § 922(g)(3) count and remand for resentencing.


RESPECTFULLY SUBMITTED this 4th day of April, 2023.

TRINA A. HIGGINS
United States Attorney


*/s/ Nathan H. Jack*
Nathan H. Jack
Assistant United States Attorney
Utah Bar No. 17074
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone (801) 524-5682
nathan.jack@usdoj.gov

## CERTIFICATE OF COMPLIANCE

My brief was prepared in a proportionally spaced typeface and contains 4,706 words. I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

*/s/ Nathan H. Jack*
Nathan H. Jack
Assistant United States Attorney
Utah Bar No. 17074
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone (801) 524-5682
nathan.jack@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States

Attorney's Office, and an electronic copy via the ECF system of the

foregoing BRIEF FOR THE UNITED STATES was served to all parties

named below, this 4th day of April, 2023.

> SCOTT KEITH WILSON
> Federal Public Defender
> JESSICA STENGEL
> Office of the Federal Public Defender
> 46 West Broadway, Suite 110
> Salt Lake City, UT 84101
> Jessica_stengel@fd.org

> */s/ Libby Oberg*
> LIBBY OBERG
> Legal Administrative Specialist